IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DARRYL BARTON and AMY BARTON, as the parents and natural guardians of S.B., | CV 14–34–BU–DWM |
| Plaintiffs, | ORDER |
| vs. | |
| MEGA PROMOTIONS, INC., | |
| Defendant. | |
| MEGA PROMOTIONS, INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| BUTTE-SILVER BOW CITY-COUNTY, | |
| Third-Party Defendant. | |

Plaintiffs Darryl and Amy Barton ("the Bartons") seek to remand this case to state court. (Doc. 20.) Also pending is Third-Party Defendant Butte-Silver Bow City-County's ("Butte-Silver Bow") motion to strike allegations in the Amended Complaint. (Doc. 28.) For the following reasons, the motion to remand

-1-

is denied, and the motion to strike is granted.

This case was filed after an injury to S.B., a minor. S.B. was hurt while attending a monster truck event promoted by Defendant Mega Promotions, Inc. ("Mega") on September 29, 2012, at the Butte Civic Center. The Bartons, as the parents and natural guardians of S.B., claim S.B. was injured when dirt and debris flew into the crowd and struck him in the eye. The Butte Civic Center is owned by Butte-Silver Bow. Mega promoted and organized the event, and Butte-Silver Bow supplied the dirt used in the arena during the show. The Bartons sued in the Montana Second Judicial District Court, Silver Bow County, on December 16, 2013, alleging Mega was negligent in its organization of the event. (*See* Doc. 5.) Mega then removed the action on May 20, 2014, based on diversity of citizenship, (Doc. 1), and filed its Answer to the Complaint the following day, (Doc. 2). After the preliminary pretrial conference held before Magistrate Judge Jeremiah C. Lynch, Mega filed on November 5, 2014, an Amended Answer and Third-Party Complaint against Butte-Silver Bow, alleging it negligently provided substandard dirt. (Doc. 17.) It did so contrary to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 14.

I. **Status of the Third-Party Complaint**

Federal Rule of Civil Procedure 14 provides, "A defending party may, as

third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Mega filed its Third-Party Complaint nearly six months after it filed its original Answer without filing the mandatory motion seeking leave. This is a clear violation of Rule 14. Given the current posture of the case, however, requiring Mega to file a motion would be futile because the Third-Party Complaint is appropriate and will not prejudice the parties. *See United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983); *Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d. 985, 988 (D. Ariz. 2013). "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *One 1977 Mercedes Benz*, 708 F.2d at 452. The exercise of discretion in this instance dictates allowing the Third-Party Complaint to be filed. To disallow the Third-Party Complaint under these facts would elevate form over substance.

## II.     Motion to Remand

A defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction. 28 U.S.C. §

1441. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Once diversity jurisdiction is established, a defendant's impleader under Rule 14 of a party that is not diverse from the plaintiff does not destroy jurisdiction. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 66 n.1 (1996); *see also Kemper/Prime Indus. Partners v. Montgomery Watson Ams., Inc.*, 487 F.3d 1061, 1063 (7th Cir. 2007). When Mega removed the case to this Court, complete diversity existed because the Bartons are citizens of Montana and Mega is a citizen of Texas. (Doc. 1 at 2.) Impleading Butte-Silver Bow does not destroy jurisdiction even though Butte-Silver Bow is also a citizen of Montana, (Doc. 17 at 11). Consequently, the motion to remand is denied.

### III. Motion to Strike

Federal Rule of Civil Procedure 10 provides, "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). The allegations in the Amended Complaint, (Doc. 26), and the Bartons' response to the motion to strike, (Doc. 31), indicate an intention to name Butte-Silver Bow as a defendant. However, their failure to name Butte-Silver Bow as a party in the

title of the Amended Complaint violates Rule 10. The allegations against Butte-Silver Bow are therefore stricken from the Amended Complaint. Should the Bartons move to amend their pleading to add Butte-Silver Bow as a named defendant, a question may arise as to whether naming Butte-Silver Bow as a defendant affects the Court's subject matter jurisdiction. That question is for a different day.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Remand (Doc. 20) is DENIED.

IT IS FURTHER ORDERED that Third-Party Defendant's Motion to Strike (Doc. 28) is GRANTED.

DATED this 2nd day of March, 2015.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT